IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.          :

                                           :

     v.                          : Civil Action No. DKC 24-3647

                                           :

CAPITAL AVE HOSPITALITY, LLC,
et al.                              :

**MEMORANDUM OPINION**

Plaintiff Choice Hotels International, Inc. ("Plaintiff") filed a motion for default judgment to confirm an Arbitrator's award in its favor against Capital Ave Hospitality, LLC, Nirav Patel, and Pratyush Patel ("Defendants"). (ECF No. 12). Defendants have filed no response. For the following reasons, the motion will be granted without a hearing. Local Rule 105.6.

**I.   Background**

Plaintiff filed a Complaint to confirm an arbitration award against Defendants on December 17, 2024. (ECF No. 1). The attached "ex-parte award of arbitrator," dated August 19, 2024, recites that Plaintiff proved that Defendant Capital Ave Hospitality, LLC breached on the Franchise Agreement entered into on October 2, 2019, and that Defendants Nirav Patel and Pratyush Patel, individually, breached their Guarantee of the obligations of Capital Ave Hospitality, LLC under the Franchise Agreement entered the same date. Plaintiff incurred damages under the

Franchise Agreement for unpaid franchise fees, lost profits, interest, and liquidated damages. (ECF No. 1-2). The Arbitrator ordered Defendants to pay, jointly and severally, the total sum of $371,527.90 (consisting of $193,156.09 in franchise fees, $104,120.54 in interest through October 2023, $64,751.27 in liquidated damages for lost profits due to premature termination of the Franchise Agreement, $2,900 in administrative fees of the American Arbitration Association and $6,600 for the fees and expenses of the arbitrator).[1] Plaintiff's motion requests the entry of a judgment, jointly and severally, in favor of Plaintiff and against Defendants Capital Ave Hospitality, LLC, Nirav Patel and Pratyush Patel, individually, in the amount of $371,527.90, plus post-judgment interest until paid, and $400.00 for the costs of this action. (ECF No. 1, at 6, ECF No. 12).

Plaintiff filed a return of service on April 10, 2025, indicating that Defendant Nirav Patel personally received service on behalf of himself, individually, and on behalf of Defendant Capital Ave Hospitality, LLC in his capacity as resident agent on April 3, 2025. (ECF No. 8). On April 10, 2025, Plaintiff also filed a return of service indicating that Defendant Pratyush Patel, was served on April 8, 2025. (ECF No. 9). Plaintiff filed motions

---

[1] The arbitration award indicates that during arbitration, Defendants were non-responsive to any request for information or the Scheduling Order. (ECF No. 1-2).

for the entry of default (ECF No. 11) and for default judgment (ECF No. 12) on May 25, 2025.  Although Plaintiff's Certificate of Service indicates that copies of the motions were mailed to Defendants on May 25, 2025, Defendants failed to respond to these motions.

The Clerk entered default against Defendants on June 13, 2025, for want of answer or other defense (ECF No. 14) and issued a Notice advising each Defendant that a motion to vacate the order of default could be filed within thirty (30) days.  (ECF Nos. 15, 16, and 17).  Defendants failed to file a motion to vacate the entry of default.

## II.  Motion for Default Judgment

A defendant's default does not automatically entitle the plaintiff to the entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002).  The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), "but default judgment may be appropriate when the adversary process has been halted because of an [] unresponsive party," *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).

Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations

as to damages are not.  *Id.* at 422.  Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount.  "[C]ourts have generally held that a default judgment cannot award additional damages . . . . because the defendant could not reasonably have expected that his damages would exceed that amount."  *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000).

Plaintiff's Complaint for confirmation of the arbitration award and motion for default judgment both request the entry of judgment in the amount of $371,527.90, together with interest at the post-judgment rate until paid, plus $400.00 for the costs of this action.  (ECF Nos. 1, 12).  The court need not specifically grant an award of post-judgment interest as Plaintiff is entitled to recover such interest by operation of law.  *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "must show that it is entitled to confirmation of the arbitration award as a matter of law."  *United Cmty. Bank v. Arruarana*, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing

4

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2ᵈ Cir. 2006);
*McColl Partners, LLC v. DME Holdings, LLC*, 2011 WL 971575, at *1
(W.D.N.C. Mar. 17, 2011)).  As set forth in 9 U.S.C. § 9:

> If the parties in their agreement have agreed
> that a judgment of the court shall be entered
> upon the award made pursuant to the
> arbitration, and shall specify the court, then
> at any time within one year after the award is
> made any party to the arbitration may apply to
> the court so specified for an order confirming
> the award, and thereupon the court must grant
> such an order unless the award is vacated,
> modified, or corrected as prescribed in
> sections 10 and 11 of this title.  If no court
> is specified in the agreement of the parties,
> then such application may be made to the
> United States court in and for the district
> within which such award was made.

The arbitration clause in the parties' Franchise Agreement
provides, in part, that "any controversy or claim arising out of
or relating to this Agreement, or any other related agreements, or
the breach of this Agreement, . . . will be sent to final and
binding arbitration," and that "[j]udgment on the arbitration
award may be entered in any court having jurisdiction." (ECF No.
1-1 ¶ 21).  Pursuant to the arbitration clause, the arbitration
award was determined on August 19, 2024. (ECF No. 12-2).  Thus,
Plaintiff properly filed its Complaint with this court within one
year after the award was made, and an order confirming the award
must be granted unless the award is vacated, modified, or
corrected.

Section 10 of the Federal Arbitration Act allows for vacatur of an award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Additionally, the court may vacate an arbitration award "if the arbiter acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). The scope of review of an arbitrator's award is strictly limited to avoid frustrating the fundamental purpose of arbitration – *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings – and the burden of proof is on the party challenging the award to clearly establish one of the grounds for vacating the award. *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992).

By failing to answer or otherwise respond either to
Plaintiff's Complaint or motion for default judgment, Defendants
have not demonstrated any ground for vacating the award. The
Arbitrator issued the award after finding Plaintiff's motion for
judgment to be supported by evidence presented. (ECF No. 1-2, at
2). There is no evident reason why the award should not be
confirmed. Accordingly, Plaintiff's application for confirmation
of the arbitration award is granted, and Plaintiff's motion for
default judgment in the amount of $371,527.90, together with
interest at the post-judgment rate until paid, plus costs of
$400.00[2] will be granted.


                                  /s/
                          _____
                          DEBORAH K. CHASANOW
                          United States District Judge

---

[2] The filing fee Plaintiff actually paid was $405.

7